United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

_____

No. 02-31124
_____

ELSIE CHUSTZ; DONALD WAYNE CHUSTZ; GEORGE
DEWAYNE CHUSTZ; JAMES RAY CHUSTZ; PATSY LYNN
CHUSTZ HARRRIS,

Plaintiffs-Appellants,

versus

R. J. REYNOLDS TOBACCO COMPANY, ET AL.,

Defendant

AMERICAN TOBACCO CO.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
93-CV-710-D

Before DAVIS, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:[1]

The only significant issue in this appeal is whether the Louisiana

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Products Liability Act, La.R.S. 9:2800.51 et seq. (LPLA) applies to this case. In deciding this issue, we conclude that it is unnecessary for us to resolve whether the test established by the Louisiana Supreme Court in Austin v. Abney Mills, Inc., 824 So.2d 1137 (La. 2002), for the accrual of a cause of action applies against a cigarette manufacturer for failure to warn of the injurious effects of tobacco. We agree with the district court that even if the Austin test applies, plaintiff did not produce sufficient summary judgment evidence from which a factfinder could conclude that Mr. Chustz's exposure to the defendant's product was so significant before the effective date of the LPLA that the disease would have progressed independently after that date without repeated exposure.

We also agree that the district court did not err in taking judicial notice of the fact that there was widespread consumer knowledge of the dangers of cigarette smoking before the effective date of the 1969 Federal Cigarette Labeling and Advertising Act, 15 U.S.C. § 1331-1340. See Allgood v. R.J. Reynolds Tobacco Co., 80 F.3d 168, 172 (5th Cir. 1996).

Because the district court correctly granted summary judgment to defendant, American Tobacco Company, we affirm the judgment.

AFFIRMED.